1

2

3

4

5

6

7                    IN THE UNITED STATES DISTRICT COURT FOR THE

8                          EASTERN DISTRICT OF CALIFORNIA

9    JEFFERY BRADLEY,                    )      CV F F-11-0942 AWI DLB
                                         )
10                  Plaintiff,           )      ORDER ON DEFENDANTS'
                                         )      AMENDED MOTION TO
11        v.                             )      DISMISS PURSUANT TO
                                         )      F.R.C.P. 12(b)(6)
12   PATRICIA FLANNERY, CORREY           )
     SMITH and JANET SWEARINGEN,         )      Doc. # 9
13                                       )
                    Defendants           )
14   _____)

15

16        This is a civil rights action by plaintiff Jeffery Bradley ("Plaintiff") against individual

17   defendants Patricia Flannery, Corey Smith and Janet Swearington ("Defendants") based on

18   the alleged violation of Plaintiff's rights under the Fifth Amendment.  In the instant motion

19   Defendants seek to dismiss Plaintiff's complaint pursuant to Rule 12(b)(6) of the Federal

20   Rules of Civil Procedure.  Federal subject matter jurisdiction exists pursuant to 28 U.S.C. §

21   1331.  Venue is proper in this court.

22                    FACTUAL BACKGROUND AND PROCEDURAL HISTORY

23        On April 28, 2011, Plaintiff filed a pre-printed form complaint in Tulare County

24   Superior Court.  The action was removed to this court on June 9, 2011.  Attached to the form

25   complaint is a one-page attachment ("Attachment A") giving a brief description of the events

26   giving rise to this action.  Although the complaint does not appear to identify the entity for

27   whom Plaintiff worked, later pleadings by the parties establish that Plaintiff was employed by

28   the Department of Developmental Services ("DDS").  The complaint alleges that Defendant

Flannery was Deputy Director of the DDS at the time of the events alleged.  Defendant Smith was apparently Acting Chief of the Office of Protective Services of the DDS and Defendant Swearingen was an Investigator, although it is not clear what agency, if any, Swearingen worked for.

Plaintiff's Attachment A alleges that in March 2009 Defendant Flannery commenced an investigation of Plaintiff's work activities.[1]  Plaintiff alleges that he was required under penalty of work discipline to turn over "work product of specific investigations" (hereinafter "Work Product") to Defendant Flannery.  Plaintiff alleges he complied with the demand for Work Product on or about May or June 2009.  Attachment A alleges that Defendants Flannery and Smith authorized Defendant Swearingen to turn over the Work Product to the Porterville Police Department for their use in the investigation of Plaintiff and a person named Scott Gardner, who apparently worked for Plaintiff.  Plaintiff alleges that the Tulare County District Attorney reviewed the Work Product and relied upon the Work Product in deciding to seek an indictment against Plaintiff.  The complaint also alleges the Work Product was presented to the grand jury in February 2010 and an indictment against Plaintiff was ultimately handed down.

Plaintiff alleges that he was arrested in February 2010, and incurred bond costs of $4,000.  On February 14, 2011, the Tulare County Superior Court held that the use of the Work Product constituted an infringement of Plaintiff's right against coerced self-incrimination and dismissed the indictment.  There is no indication what, if any, legal proceedings transpired between the indictment in February 2010 and the dismissal of the indictment on February 14, 2011.  Attachment A to the complaint seeks punitive damages alleging as follows:

> As further evidence of malice, [Defendant Flannery] testified before the grand jury in February 2010 concerning Porterville procedures for

---

[1]   The complaint does not state the purpose of the investigation, nor is the purpose directly significant to this discussion.  Defendants allege the investigation had to do with improper authorization of overtime costs.

conducting investigations by stating that such investigations would have to be approved by her.  This contradicts Porterville Facility Bulletin #6, which she later acknowledged she was familiar with as of 2009. [Defendant Flannery] authorized the transmittal of the [Work Product] and identifying information intentionally and in reckless disregard of claimant's above rights, as well as Penal Code §§ 832.7 and 832,8, and agreed to testify before the grand jury concerning the [Work Product], again in violation of those rights . [Defendant Flannery] also falsely testified before the grand jury to the identity of the person who initially complained of [P]laintiff in order to protect him from any assertion of bias.  She claimed he was an antonymous source.

Acting Chief [Defendant Smith] knew of the above constitutional and statutory rights afforded peace officers before he intentionally passed on the authorization to release the work product to the Porterville Police from Flannery to Swearington, and so would have acted in conscious disregard for [Plaintiff's] Fifth Amendment rights, justifying punitive damages against him as well.

Doc. # 1-1 at 5.

Defendants' motion to dismiss and request for judicial notice was first filed on June 16, 2011.  An amended motion to dismiss was filed on June 16, 2011.  Plaintiff filed what appears to be an opposition to Defendants' motion for judicial notice on July 7, 2011.  On the same date, Plaintiff filed an opposition to Defendants amended motion to dismiss. Defendants filed a reply on July 15, 2011, and Plaintiff filed a sur-reply on July 18, 2011. Defendants filed an objection to Plaintiff's sur-reply on July 19, 2011.  The court vacated the date set for oral argument on Defendants' motion to dismiss and took the matter under submission as of July 21, 2011.

**LEGAL STANDARD**

A motion to dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure can be based on the failure to allege a cognizable legal theory or the failure to allege sufficient facts under a cognizable legal theory.  Robertson v. Dean Witter Reynolds, Inc., 749 F.2d 530, 533-34 (9th Cir.1984).  To withstand a motion to dismiss pursuant to Rule 12(b)(6), a complaint must set forth factual allegations sufficient "to raise a right to relief above the speculative level."  Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007) ("Twombly").  While a court considering a motion to dismiss must accept as true the

allegations of the complaint in question, <u>Hospital Bldg. Co. v. Rex Hospital Trustees</u>, 425 U.S. 738, 740 (1976), and must construe the pleading in the light most favorable to the party opposing the motion, and resolve factual disputes in the pleader's favor, <u>Jenkins v. McKeithen</u>, 395 U.S. 411, 421, reh'g denied, 396 U.S. 869 (1969), the allegations must be factual in nature.  <u>See</u> <u>Twombly</u>, 550 U.S. at 555 ("a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do").  The pleading standard set by Rule 8 of the Federal Rules of Civil Procedure "does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation."  <u>Ashcroft v. Iqbal</u>, 129 S.Ct. 1937, 1949 (2009) ("Iqbal").

The Ninth Circuit follows the methodological approach set forth in <u>Iqbal</u> for the assessment of a plaintiff's complaint:

> "[A] court considering a motion to dismiss can choose to begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth.  While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations.  When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief."

<u>Moss v. U.S. Secret Service</u>, 572 F.3d 962, 970 (9th Cir. 2009) (quoting <u>Iqbal</u>, 129 S.Ct. at 1950).

## DISCUSSION

"To state a claim under § 1983, a plaintiff must both (1) allege the deprivation of a right secured by the federal Constitution or statutory law, and (2) allege that the deprivation was committed by a person acting under color of state law."  <u>Anderson v. Warner</u>, 451 F.3d 1063, 1067 (9th Cir.2006).  Defendants contend that Plaintiff's complaint fails to allege that Plaintiff has adequately pled that any of the individual Defendants was acting under color of state law and that Plaintiff has failed to adequately allege any defendants violated a right secured by the Constitution or federal statute.

Although Defendants' argument tends to conflate the issues of whether Defendants

4

were acting under color of law with the issue of whether any constitutionally guaranteed right was violated, the court must agree that Plaintiff's complaint fails to adequately allege that Defendants acted under color of state law.  To adequately allege a claim pursuant to section 1983, a plaintiff must allege *facts* to show that rights secured by the Constitution or statute were violated by persons acting under color of state law.  See <u>Sykes v. State of California Dept. Motor Vehicles</u>, 497 F.2d 197, 200 (9th Cir. 1974).

Plaintiff's opposition to Defendants motion to dismiss cites relevant case authority to show what constitutes action under color of state law, but fails to point to any portion of the complaint where *facts* are alleged to indicate that action was taken under color of state law.  At page 4 of Document # 1-1, the form complaint simply states: "Plaintiff Jeffery Bradley alleges that [D]efendant[s] [. . .]: Patricia Flannery, Corey Smith, and Janet Swearingen, individuals named in their individual capacities acting under color of state law [. . .] [were] the legal (proximate) cause of damages to plaintiff."  As noted above, there is no mention in the complaint, so far as the court can find, of the agency involved and/or its relationship to state government.  While the complaint does mention job titles for the individuals named as Defendants, there are no facts alleged to indicate they are state officials or that they are private individuals cloaked with state authority.  See <u>Lopez v. Dept. of Health Services</u>, 939 F.2d 881, 883 (9th Cir. 1991) (discussing tests for determination whether private action is under color of state law).

To some extent, the concern with the absence of factual allegation in the complaint to show that the alleged action was taken under color of law may seem overly technical since there is no doubt from pleadings relating to the motion to dismiss that Defendants worked for DDS.  That said, there are two reasons the court will hold Plaintiff's complaint subject to dismissal.  First and foremost, Plaintiff is represented by counsel and given the obvious effort that went into Plaintiffs opposition to the motion to dismiss, there is absolutely no reason the court should be required to engage in the sort of between-the-lines-inference-making that

Plaintiff's bare-bones form complaint might otherwise require.  See Karim-Panahi v. Los Angeles Police Dept., 839 F.2d 621, 623 (9th Cir 1988) (*pro se* plaintiff entitled to benefit of any doubt and liberal construal of pleadings).  Second, even if the court were to infer the official status of Defendants Flannery and Smith into the complaint based on subsequent pleadings, Plaintiffs' minimalist complaint still lacks enough factual specificity to enable the court to determine, for example, in what capacity Defendant Swearingen was operating, and what court proceedings did or did not occur after the indictment was handed down.  In other words, while the legal contours of Plaintiff's Fifth Amendment claim are fairly clear, the court can foresee multiple points in the analysis where a determination will not be possible because of the paucity of facts alleged in Plaintiff's complaint.  The court therefore concludes that its limited resources will be most efficiently used if Plaintiff's complaint is dismissed on the grounds identified and Plaintiff is given leave to amend.

Notwithstanding the court's determination that Plaintiff's complaint is subject to dismissal, the court is of the opinion that a limited discussion of the legal framework for Plaintiff's Fifth Amendment Claim for relief might help the parties focus their attention on commonly understood elements of Plaintiff's claim.

"[T]he Fifth Amendment privilege against compelled self-incrimination protects grand jury witnesses from being forced to give testimony which may later be used to convict them in a criminal proceeding."  Lefkowitz v. Cunningham, 431 U.S. 801, 804-805 (1977). A claim for violation of the Fifth Amendment has two elements.  First the state must compel "testimony by threatening to inflict potent sanctions unless the constitutional privilege [against self-incrimination] is surrendered."  Id. at 805.  Second, the compelled, un-immunized testimony must be used against the declarant in a criminal case.  See Crowe v. County of San Diego, 608 F.3d 406, 427 (9th Cir. 2010).  "A coerced statement has been 'used' in a criminal case when it has been relied upon to file formal charges against the declarant, to determine judicially that the prosecution may proceed, and to determine pretrial

1    custody status." <u>Soot v. City of Everett</u>, 582 F.3d 910, 925 (9th Cir. 2009).

2         The court also notes in passing that Plaintiff's claim for punitive damages fails to

3    allege any facts at all that would justify such an award.  At most, it is simply a re-allegation

4    of some of the elements of Plaintiff's Fifth Amendment claim with the label "reckless

5    disregard" attached.  Such conclusory pleading falls far short of stating a claim.

6         The foregoing legal framework is offered only as an aide to the parties in addressing

7    Plaintiff's claims.  The court will dismiss Plaintiff's complaint in its entirety solely on the

8    ground that Plaintiff has failed to allege facts to show that the Defendants acted under color

9    of state law.  The court makes no other judgments as to Plaintiff's claims or Defendants'

10   Defenses.

11

12        THEREFORE, it is hereby ORDERED that Defendants' motion to dismiss Plaintiff's

13   complaint in its entirety is hereby GRANTED.  Plaintiff's complaint is hereby DISMISSED.

14   Leave to amend is GRANTED.  Any amended complaint shall be filed and served not later

15   than twenty-one (21) days from the date of service of this order.

16

17   IT IS SO ORDERED.

18

19   Dated:    October 4, 2011    _____

                                CHIEF UNITED STATES DISTRICT JUDGE